[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal from a decision of the defendant, Freedom of Information Commission (FOIC), ordering the New Fairfield Superintendent of Schools to disclose the amount of sick time used by the plaintiff, Karen Perkins, the sick pay disbursed to her, and the amount of unused sick time she retains to the defendant, Arthur E. Azzarito.
On June 17, 1991, Azzarito delivered a letter to the New Fairfield Board of Education (Board), requesting that that agency provide him with the following information concerning the plaintiff:
"(1) Total number of sick days that were accumulated from her first day of employment up to her last day of performing her duties on 1/1/91.
(2) Total number of sick days paid to her from the first day of her employment up to this date of request.
(3) Total number of sick days remaining from this date of request.
(4) Actual amount of monies paid to her up to the day of this request.
(5) Last day she actually performed duties." (Return of Record, Item 10).
On the same date the Superintendent of Schools notified the plaintiff of this request and the Board's conclusion that the "records" sought fell within the provisions of Conn. Gen. Stats.1-20a(b). The notice also informed the plaintiff of her opportunity to file a timely objection to the request, (Return of Record, Item 13). The plaintiff filed an objection in a timely manner, (Return of Record, Item 14). On June 27, 1991, Azzarito appealed to the FOIC from the failure of the Board, to provide the information, (Return of Record, Item 1).
On October 1, 1991, the FOIC held a hearing on the matter, (Return of Record, Item 2), and, on February 19, 1992, the FOIC rendered a final decision ordering disclosure of the information requested, (Return of Record, Item 18).
On March 10, 1992, the plaintiff appealed to this court CT Page 9734 from that decision under the provisions of Conn. Gen. Stats.1-21i(d) and 4-183. On October 23, 1992, this court held a hearing on the matter.
The court finds that because the information ordered disclosed pertains to the plaintiff, she is aggrieved by the decision of the FOIC.
The parties in their oral arguments to the court and in the written briefs submitted have focused on the issue of whether the FOIC correctly found that the plaintiff failed to establish that the information sought by Azzarito falls within the exemption from disclosure contained in Conn. Gen. Stats.1-19(b)(2). That subsection indicates that disclosure of "personnel or medical files and similar files . . . which would constitute an invasion of personal privacy," is not required.
However, the court finds a more fundamental issue present which bears on the resolution of this appeal. That issue is whether Azzarito's request comes within the purview of Conn. Gen. Stats. 1-19 in the first instance. His request, as stated in his letter, (Return of Record, Item 10), and reiterated in his appeal to the FOIC, (Return of Record, Item 1), is a request for answers to questions and not a request for access to public records which might contain the answers to his questions. His request seeks pure information and not specifically identifiable records.
Section 1-19 does not require a public agency to answer inquiries but rather requires the agency to allow inspection or copying of public records. Public records or files are defined in Conn. Gen. Stats. 1-18a(d) to mean "any recorded data or information relating to the conduct of the public's business prepared, owned, used, received or retained by a public agency, whether such data or information be handwritten, typed, tape-recorded, printed, photostated, photographed or recorded by any other method."
It was incumbent upon Azzarito to identify what records he wished to inspect rather than simply request that the Board cull through whatever records it possesses to provide him with the numerical results of that effort. This distinction is not a formal or hypertechnical one. The failure of the parties to draw the distinction makes the determination of whether, ultimately, any records containing or leading to the information CT Page 9735 sought are exempt from disclosure impossible.
The FOIC in its brief appears to recognize the problem but places the burden of resolving it on the plaintiff. At p. 14, the FOIC states that the plaintiff "has failed to prove that the numbers at issue only exist in her personnel file." Because Azzarito did not request access to any particular record, it is difficult to comprehend how the plaintiff could have met the burden the FOIC would place upon her.
The FOIC had no evidence before it that any public records or files containing the answers to Azzarito's questions exist, and if such records or files do exist, whether those materials constitute personnel, medical, or similar files or some other type of file. The FOIC finding, designated number three, in its final decision, (Return of Record, Item 18), which states that Azzarito made "requests for records" is not founded on any evidence presented before the FOIC. As indicated above, Azzarito's request was for numerical answers and not for the opportunity to review the Board's records. Azzarito did not ask for access to attendance records, payroll records, or any other material. The FOIC had no way to know just what documents or materials, if any, it was scrutinizing.
Before the FOIC is empowered to issue any final orders, it must find that a violation occurred, Board of Education v. FOIC, 208 Conn. 442 (1988), p. 454. That determination requires a finding that the Board failed to make available existing public records or files upon request. Ibid. The state of the record before the FOIC does not permit such a finding to be made.
Therefore, the appeal is sustained.
Sferrazza, J.